# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

Lyle W. Cayce
Clerk

No. 09-50064

ROBERT JENEVEIN,

Plaintiff-Appellant,

versus

SEANA WILLING, Acting Executive Director of
the Texas State Commission on Judicial Conduct;
R.C. ALLEN, III,
Member of the Texas State Commission on Judicial Conduct;
ELIZABETH COATES,
Member of the Texas State Commission on Judicial Conduct;
JOSEPH B. MORRIS,
Member of the Texas State Commission on Judicial Conduct;
KATHLEEN H. OLIVARES,
Member of the Texas State Commission on Judicial Conduct;
MONICA GONZALEZ,
Member of the Texas State Commission on Judicial Conduct;
JAMES A. HALL,
Member of the Texas State Commission on Judicial Conduct;
RONALD D. KRIST,
Member of the Texas State Commission on Judicial Conduct;
FAYE BARKSDALE,
Member of the Texas State Commission on Judicial Conduct;
HONORABLE REX G. BAKER, III; HONORABLE MICHAEL FIELDS;
W.A. "BUCK" PREWITT,
Commissioner of the State Commission on Judicial Conduct,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

Before JONES, Chief Judge, SMITH and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

After being censured by the Texas State Commission on Judicial Conduct, Robert Jenevein, a state judge, sued the members of the commission to have the censure expunged from his record. The district court dismissed the suit, but we reversed and remanded in part, granting Jenevein partial expungement. Jenevein appeals the denial of his motion for attorney's fees as a "prevailing party" under 42 U.S.C. § 1988(b). Because he is not a "prevailing party," we affirm.

I.

The story behind the commission's decision to censure Jenevein is described in detail in *Jenevein v. Willing* ("*Jenevein I*"), 493 F.3d 551, 552-57 (5th Cir. 2007). In summary, Jenevein held a press conference in his courtroom, wearing his judicial robe, to respond to allegations about his wife contained in a petition pending in the Dallas County Court-at-Law, where he served. He claimed that the allegations were baseless and that he considered them to be an abusive litigation tactic, designed to force his recusal from the case. He explained that he had issued an emergency order at an earlier stage of the litigation and that, based on that order, the plaintiff's lawyer likely believed Jenevein would rule against his client. Later, Jenevein sent a follow-up email about the case and the press conference to seventy-six people.

On the basis of his press conference and email, the commission censured Jenevein for violating the Texas Code of Judicial Conduct and the Texas Consti-

No. 09-50064

tution. Jenevein attempted, unsuccessfully, to appeal the censure in state court. He then sued the members of the commission, in their official capacities, in federal court under 42 U.S.C. § 1983, claiming the commission had violated the First Amendment, because his press conference and email comments were protected speech for which he could not be disciplined. He sought to have the censure expunged.[1] The district court denied all relief.

We reversed in part, holding that the First Amendment required that the censure be expunged "to the extent it reached beyond Judge Jenevein's use of the courtroom and his robe to send his message." *Jenevein I*, 493 F.3d at 562. We held that "the censure order survive[d] strict scrutiny to the extent that it [was] directed at Judge Jenevein's use of the trappings of judicial office to boost his message, his decision to hold a press conference in his courtroom, and particularly stepping out from behind the bench, while wearing his judicial robe, to address the cameras," because "[t]he state has a compelling interest in preserving the integrity of the courtroom, and judicial use of the robe." *Id*. at 560. We ordered that the censure be expunged, however, "[t]o the extent that the commission censured Judge Jenevein for the content of his speech, shutting down all communication between the Judge and his constituents." *Id*. On remand, the district court denied attorney's fees on the ground that the censure was a judicial act, by judicial officers, that § 1988(b) specifically exempts from serving as the basis for attorney's fees.[2] Jenevein appeals.

---

[1] Jenevein also alleged that his Fourteenth Amendment right to due process had been violated, and he sought attorney's fees for defending himself during the censure proceeding. The district court dismissed both claims, and Jenevein did not raise them on appeal.

[2] Section 1988(b) provides:

In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of [title 42] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, *except*

(continued...)

3

No. 09-50064

II.

Section 1988(b) gives federal courts discretion to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" of litigating under § 1983.  The district court passed over, without discussion, the threshold question of whether our partial reversal in *Jenevein I* made Jenevein a prevailing party for purposes of § 1988.  We review that question of law *de novo. Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006).

"To qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).  To "prevail" under § 1988, a party need not procure a favorable judgment or settlement on every claim.  *Fernandes v. Limmer*, 663 F.2d 619, 637 (Former 5th Cir. Dec. 1981).  Nevertheless, "a technical victory may be so insignificant . . . as to be insufficient to support prevailing party status." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).  "Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*," he is not a prevailing party.  *Id.*

Jenevein obtained relief by way of *Jenevein I,* and we ordered the district court to expunge part of the censure.  That relief, however, along with its effect on the legal relationship between Jenevein and the commission, and the benefit it conferred on Jenevein, were *de minimis*.  On remand, the district court left al-

---

[2] (...continued)
*that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.*

(Emphasis added.)

4

most all of the original censure order untouched. Only two recurring sentence fragments, referring to the specific content of Jenevein's press conference and email, were stricken from the censure.[3] All six violations of the Code of Judicial Conduct and Texas Constitution found by the commission remain on Jenevein's record.

In *Roark & Hardee LP v. City of Austin*, 522 F.3d 533 (5th Cir. 2008), bar owners asked the court, on First Amendment and due process grounds, to strike down and enjoin enforcement of a city ordinance that prohibited smoking in enclosed public places. The district court complied but denied fees under § 1988. Reversing in part, we upheld the ordinance's constitutionality under the First Amendment, though we left in place the district court's finding that it violated due process to the extent it allowed the city to revoke permits and licenses without providing expeditious judicial review. We also considered the plaintiff's cross-appeal asserting that the district court had abused its discretion by denying attorney's fees. "Considering the numerous other claims Plaintiffs lost and

---

[3] For example, in the three paragraphs addressing violations stemming from the press conference, the court struck the following language from the censure:

> Judge Jenevein's actions on July 28, 2000, during the court's normal business hours, in holding a press conference in his courtroom, while wearing his judicial robe, ~~in order to read a prepared statement concerning the Yahoo Case and his personal feelings and criticisms about the conduct of Freidman and his clients in connection with that still-pending Case,~~ was a willful violation of the Code of Judicial Conduct and violated Article 5, Section 1-a(6)A of the Texas Constitution.

In the three paragraphs addressing Jenevein's email, the court struck the following language:

> Judge Jenevein's actions on August 8, 2000, during the court's normal business hours, in using the county computer system to send the unsolicited communication to approximately seventy-six (76) family members, friends, lawyers, and judges, ~~in order to further discuss the Yahoo Case, Friedman, and the July 28th press conference,~~ was willful conduct that is clearly inconsistent with the proper performance of his duties and violated Article 5, Section 1-a(6)A of the Texas Constitution.

the fact that the City [could] still enforce the license revocation provision, as long as it provide[d] expeditious judicial review," we held that the bar owners' success was "at most, *de minimis*." *Id*. at 556.

Jenevein's position is similar to that of the bar owners. Though he received partial vindication in *Jenevein I*, the commission's censure remains in effect. Its impact on his record, like the ordinance's impact on the bar owners' businesses, was not diminished. Accordingly, any relief Jenevein can claim was *de minimis*, so he is not a prevailing party under § 1988.

Jenevein argues that he is a prevailing party like the plaintiffs in *Walker* and *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980). In *Walker*, homeowners challenged a remedial order requiring the construction of public housing projects in "predominantly white" neighborhoods. *Walker*, 313 F.3d at 248. After an appeal on the merits, we found the remedial order unconstitutional and remanded for the revision and stay––but not total dismissal––of the order. *Id*. The homeowners then requested attorney's fees, which the district court denied, in part because it found the homeowners were not prevailing parties. *Id*. at 249. A second appeal followed, and we reversed. Crucially, we held that "the Homeowners achieved exactly the outcome they desired" in the litigation and thus were prevailing parties. *Id*. at 250.

Unlike the homeowners in *Walker*, Jenevein did not receive exactly the outcome he sought. All the violations found by the censure remain on his record.

In *Familias Unidas*, a group of Mexican-American students and adults challenged the constitutionality of a state law that gave county judges the power to exact public disclosure of the membership of organizations considered to be interfering with the peaceful operation of public schools. *Familias Unidas*, 619 F.2d at 394. The plaintiffs won declaratory relief, and the statute was struck down, but they did not receive actual damages. We held that the plaintiffs could recover attorney's fees under § 1988––except for those costs related to their pur-

No. 09-50064

suit of actual damages––because they prevailed with respect to the central issue of the case, the constitutionality of the statute.[4]  *Id.* at 405.

Jenevein has not achieved anything close to what the *Familias Unidas* plaintiffs accomplished.  Those plaintiffs won the lasting benefit of having a law struck down, never again to be enforced against them.  Jenevein had a few clauses removed from a censure, which otherwise remains in full effect.

In sum, the relief Jenevein received from the partial expungement of the commission's censure was *de minimis*.  Therefore, he is not a prevailing party under § 1988 and may not recover attorney's fees.  Because he is not a prevailing party, we need not address the holding that the commission's censure constituted a judicial act performed by judicial officers.[5]

AFFIRMED.

---

[4] In *Texas State Teachers Association*, 489 U.S. at 789, the Court clarified that, to be considered a prevailing party, one need not necessarily prevail in the "central issue" of the litigation, so long as he "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit."  (Citation omitted.)  In *Farrar*, 506 U.S. at 111-12, the Court explained further that a plaintiff "prevails" whenever "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Neither of those decisions conflicts with *Familias Unidas* or with our decision today.  In *Familias Unidas*, the plaintiffs obtained relief on a significant issue—indeed, the most significant issue—that materially altered the relationship between the parties in a way that directed benefited them.  Jenevein did not achieve that level of success; his relief, as we have explained, was *de minimis*.

[5] Although the district court based its dismissal on the "judicial act" ground, and we affirm on the ground that Jenevein is not a prevailing party, "[w]e may affirm on any grounds supported by the record."  *Wells v. SmithKline Beecham Corp.*, No. 09-50244, 2010 U.S. App. LEXIS 5894, at *6 (5th Cir. Mar. 22, 2010) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)).  The parties contested the prevailing-party status in the district court, and we requested and received supplemental letter briefs on that issue.