# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-30847

Lyle W. Cayce
Clerk

KENNETH JONES; LORIE JAMES-JONES,

Plaintiffs-Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-9151

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Kenneth Jones and Lorie James-Jones ("the Joneses") appeal the district court's grant of summary judgment in favor of Defendant-Appellee State Farm Fire & Casualty Company, Inc. ("State Farm"), dismissing the Joneses' action with prejudice. We affirm.

## I. Facts and Proceedings

When Hurricane Katrina came ashore on August 29, 2005, the Joneses' residential property in New Orleans was insured by State Farm under a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

homeowners policy that provided, *inter alia*, wind damage coverage for their immovables (the house and a separate garage) and movables (contents and personal property), plus additional living expenses ("ALE"). The Joneses' property was also insured for flood damage by a separate policy which was issued and administered by State Farm pursuant to the National Flood Insurance Program ("NFIP"). The Joneses' property suffered extensive wind and flood damage, but neither their house nor their garage was totally destroyed or reduced to only a slab.

A few days after the storm, the Joneses notified State Farm, then spoke with a company representative less than two weeks later. In early October, a State Farm representative adjusted the Joneses' flood claim under their NFIP policy via telephone and had checks issued to them under that policy in the full limits amounts of $79,900 for their immovable property and $37,100 for their moveables, less a previous $2,500 advance. After they returned to their home later in October, the Joneses reported specific damage to State Farm; and an adjuster for State Farm inspected the Joneses' property in mid-November 2005. As a result, State Farm paid them $6,741.81 for wind damage to their immovables,  less (1) $1,742 deductible and (2) $1,473.77 in prohibited use damage, for a net amount of $6,743.58 under their homeowners policy. In February 2006, another adjuster inspected the Joneses' house for State Farm and revised the damage estimate upward, producing an additional payment of $8,269.34.

In August 2006, the Joneses' lawyer sent State Farm a supplemental proof of loss together with a report from one Steve Hitchcock estimating wind damage of $35,455.33. The Joneses' lawyer demanded an additional $21,804.18. About a month later, State Farm faxed and mailed a letter that rejected the Hitchcock report and provided forms for use by the Joneses in filing a supplemental proof of loss. State Farm also made a request to reinspect their property. Without

No. 09-30847

responding to State Farm, the Joneses filed suit on September 20, 2006. They sold their gutted home in February 2007 for $30,000.

Following several months of motion practice, State Farm filed for summary judgment on five issues, three of which remain under consideration in this appeal. In those three, the Joneses seek payment under their homeowners policy for dwelling damage, personal property damage, and ALE, as well as damages for State Farm's alleged breach of the statutory duty of good faith. In a well-reasoned order, the district court granted summary judgment to State Farm and dismissed all claims by the Joneses, who timely filed their notice of appeal.

## II. ANALYSIS

### A. Standard of Review.

We review a district court's grant of summary judgment de novo. Summary judgment should be granted only if there is no genuine issue of material fact.[1] A fact is material only if its resolution would affect the outcome of the action, and an issue is genuine only "if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[2] "If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case."[3] Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial.[4] The non-movant must go beyond the

---

[1] *Weeks Marine Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003).

[2] *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[3] *Miss. River Basic Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

[4] *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986).

No. 09-30847

pleadings and present specific facts indicating a genuine issue for trial.[5] On appeal we may affirm a grant of summary judgment "on any grounds supported by the record."[6]

B.    Merits.

Except for the names of the parties, the locations of the insured properties, and the quantum of the claims, losses, and payments, this case is legally indistinguishable from the one that we recently addressed in *William Bayle; Darlene Bayle v. Allstate Insurance Company*[7], including, without limitation, the presence in both cases of questionable, late-filed, and ultimately rejected reports by Steve Hitchcock, whose testimony and reports have been disapproved by several courts of the Eastern District of Louisiana in Katrina insurance cases. At bottom, we perceive no genuine issue of disputed fact whether the Joneses have been fully compensated for all legitimate claims through payments under one or the other of their policies; and under Louisiana law, they cannot recover the double payment that they seek here. Only their ALE claim reflects any potential merit, yet the evidence presented by the Joneses, particularly when stripped of the correctly rejected Hitchcock report, is insufficient to defeat summary judgment. For essentially the same reasons and based on essentially the same analysis as set forth in our *Bayle* opinion, the judgment of the district court is, in all respects,

AFFIRMED.

---

[5] *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

[6] *Jenevein v. Willing*, 605 F.3d 268, 272 n.5 (5th Cir. 2010) (quoting *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010)).

[7] *William Bayle; Darlene Bayle v. Allstate Insurance Company*, 2010 WL 31555921 (C.A.5 La.)

4