# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 10-30175
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENSON WATTA WANAMBISI, also known as Johnstone Webi, also known as African,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Benson Watta Wanambisi, federal prisoner # 04013-265, appeals the denial of his pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion because Wanambisi's sentence was not based on a quantity of crack cocaine. We affirm the district court's decision on alternate grounds.

A jury convicted Wanambisi of conspiring to import heroin into the United States. At sentencing, the district court determined that Wanambisi's total offense level was 40: the amount of heroin involved in the conspiracy (more than 10 kilograms but less than 30 kilograms) yielded a base offense level of 36, and

Wanambisi received a 4-level increase for his role in the offense. Wanambisi now argues that he is entitled to have his sentence reduced under Amendment 505 to the Sentencing Guidelines. Amendment 505 lowered the maximum base offense level for any drug type under U.S.S.G. § 2D1.1 from 42 to 38.

The district court denied Wanambisi's motion on the ground that Wanambisi had been convicted of importing heroin, while "the recent revision to the base offense levels . . . only pertain to crack cocaine offenses." The district court thus appears to have treated Wanambisi's motion as having been filed under Amendment 706. This was error. Wanambisi's motion explicitly identified Amendment 505 as its claimed basis for relief.

Nonetheless, the district court was correct to deny Wanambisi's motion. Wanambisi is not entitled to relief under Amendment 505. At the time of Wanambisi's sentencing, an individual possessing 300 kilograms or more of heroin received a base offense level of 42, an individual possessing at least 100 kilograms but less than 300 kilograms of heroin received a base offense level of 40, and an individual possessing at least 30 kilograms but less than 100 kilograms of heroin received a base offense level of 38. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1)-(3) (Nov. 1991). Amendment 505 deleted the two higher base offense levels and stated that all offenses involving 30 kilograms or more of heroin were subject to a base offense level of 38. *See id.* app. C, vol. I, amend. 505 (Nov. 2003). Amendment 505's effective date was November 1, 1994, and it was made retroactive. As a result, an individual who had been sentenced before that date for an offense involving 100 kilograms or more of heroin would be eligible for a reduction in sentence.

Wanambisi was sentenced before November 1, 1994, but he was not sentenced for an offense involving 100 kilograms or more of heroin. Wanambisi's sentence was based on more than 10 kilograms but less than 30 kilograms of heroin. Therefore, he received a base offense level of 36. Amendment 505 did not reduce the base offense level for offenses involving less than 30 kilograms of

heroin.  Wanambisi's total offense level was 40 not because he received a pre-Amendment 505 base offense level, but because he received an upward adjustment as the leader of a criminal activity involving five or more participants.   Nothing in Amendment 505 prohibits the imposition of an enhancement for his role in the offense.  Because Amendment 505 did not reduce the base offense level for the amount of heroin for which Wanambisi was responsible, he is not eligible for a reduction of his sentence.

"We may always affirm a district court's ruling, made for an invalid reason, if we are shown or can find a valid reason to support that ruling." *United States v. Tello*, 9 F.3d 1119, 1128 (5th Cir. 1993); *see also Jenevein v. Willing*, 605 F.3d 268, 272 n.5 (5th Cir. 2010).   Because the district court's reliance on Amendment 706 was harmless error, the judgment of the district court is affirmed on alternate grounds.

AFFIRMED.